Francis A. Montbach, Esq. (FAM 9631)
Jodi S. Tesser, Esq. (JST 6398)
MOUND COTTON WOLLAN & GREENGRASS
Attorneys for Defendant
American Airlines, Inc.
One Battery Plaza
New York, New York 10004
(212) 804-4200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY            08 Civ. 3412 (DAB)
OF NORTH AMERICA,

          Plaintiff,                                  **ANSWER**

    - against -

AMERICAN AIRLINES, INC.,

          Defendant.
-------------------------------------------------------------X

      Defendant, American Airlines, Inc., ("American") by its attorneys, MOUND COTTON WOLLAN & GREENGRASS, as and for its answer to the Plaintiff's Complaint herein, alleges:

      1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint.

      2.    Denies the allegations contained in paragraph 2 of the Complaint except admits that American is a duly certified direct carrier engaged in the transportation of persons and property by air in interstate and international commerce pursuant to the authority granted by the Department of Transportation of the United States and maintains a place of business in the State of New York.

      3.    Admits the allegations contained in paragraph 3 of the Complaint and refers all questions of law to the Court.

## FIRST CAUSE OF ACTION

4. Repeats, reiterates and realleges each and every allegation and denial contained in those paragraphs of this Answer designated "1" through "3" as if set forth herein at length.

5. Admits the allegations contained in paragraphs 6 and 7 of the Complaint and refers all questions of law to the Court.

6. Denies the allegations contained in paragraphs 8 and 9 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 7 and 10 of the Complaint.

## SECOND CAUSE OF ACTION

8. Repeats, reiterates and realleges each and every allegation and denial contained in those paragraphs of this Answer designated "1" through "7" as if set forth herein at length.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

10. Denies the allegations contained in paragraph 13 of the Complaint.

## THIRD CAUSE OF ACTION

11. Repeats, reiterates and realleges each and every allegation and denial contained in those paragraphs of this Answer designated "1" through "9" as if set forth herein at length.

12. Denies the allegations contained in paragraphs 15 of the Complaint.

## AS AND FOR A FIRST COMPLETE AFFIRMATIVE DEFENSE

13. That under the applicable provisions of the defendant's contract of carriage, tariffs, the Warsaw Convention, as amended, and/or the Montreal Convention, the plaintiff herein has failed to state a cause of action against this defendant upon which relief may be granted.

## AS AND FOR SECOND COMPLETE
## AFFIRMATIVE DEFENSE

14.     That under the applicable provisions of this defendant's contract of carriage; tariffs, the Warsaw Convention, as amended and/or the Montreal Convention, this defendant has no liability to the plaintiff or to any other person under the contracts of carriage for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

15.     Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

## AS AND FOR A THIRD COMPLETE
## AFFIRMATIVE DEFENSE

16.     Any damages allegedly suffered by the plaintiffs herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

## AS AND FOR A FOURTH COMPLETE
## AFFIRMATIVE DEFENSE

17.     The contract of carriage embarked upon by the plaintiff herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage, tariffs, the Warsaw Convention, as amended, and/or the Montreal Convention.

18.     That under the applicable provisions of this defendant's contract of carriage, tariffs, the Warsaw Convention, as amended, and/or the Montreal Convention, this defendant has no liability to the plaintiff or to any other person under the contracts of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

19. Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contracts of carriage.

### AS AND FOR A FIFTH COMPLETE
### AFIRMATIVE DEFENSE

20. That under the applicable provisions of this defendant's contract of carriage; tariffs, the Warsaw Convention, as amended, and/or the Montreal Convention, this defendant has no liability to the plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiffs, its agents, servants and/or employees.

21. Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

### AS AND FOR A SIXTH COMPLETE
### AFFIRMATIVE DEFENSE

22. That under the applicable provisions of this defendant's contract of carriage, tariffs, the Warsaw Convention, as amended, and/or the Montreal Convention, this defendant has no liability to the plaintiff or to any other person under the contracts of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contracts of carriage and delivered the shipments to the proper party in the same order and condition as received.

### AS AND FOR A SEVENTH COMPLETE
### AFFIRMATIVE DEFENSE

23. That under the applicable provisions of this defendant's contract of carriage, tariffs, the Warsaw Convention, as amended and/or the Montreal Convention, this defendant has no liability to the plaintiff or to any other person under the contracts of carriage for any loss,

damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

24. Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiff herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

### AS AND FOR AN EIGHTH COMPLETE AFFIRMATIVE DEFENSE

25. That under the applicable provisions of this defendant's contract of carriage, tariffs, the Warsaw Convention, as amended, and/or the Montreal Convention, this defendant does not provide protective services, guaranteeing against freezing and overheating.

### AS AND FOR A NINTH PARTIAL AFFIRMATIVE DEFENSE

26. That under the applicable provisions of this defendant's contract of carriage, tariffs, the Warsaw Convention, as amended and/or the Montreal Convention, the liability, if any, of this defendant for any loss, damage or delay is limited.

**WHEREFORE**, Defendant, American Airlines, Inc., demands judgment in its favor:

1. Dismissing the Complaint;

2. Such other and further relief as it deems just and proper.

Dated: New York, New York
May 1, 2008

        MOUND COTTON WOLLAN
        & GREENGRASS

        By _/s/ Francis A. Montbach_
        Francis A. Montbach (FAM 9631)
        Jodi S. Tesser (JST 6398)
        One Battery Plaza

        New York, New York 10004
        (212) 804-4200

To:   David L. Mazaroli, Esq. (DM 3929)
       11 Park Place - Suite 1214
       New York, New York 10007
       Tel. (212) 267-8480
       Fax (212) 732-7352
       Attorney for Plaintiff

STATE OF NEW YORK   )

COUNTY OF KINGS)

## AFFIDAVIT OF SERVICE

Lynn Cappiello, being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and resides in Nassau County, New York.

That on May 1, 2008, deponent served the within **ANSWER AND RULE 7.1 STATEMENT** upon:

David L. Mazaroli, Esq. (DM 3929)
11 Park Place - Suite 1214
New York, New York 10007
Tel. (212) 267-8480
Fax (212) 732-7352

the addresses designated by said entities for that purpose by depositing the same enclosed in a first-class postpaid properly addressed wrapper to said entities at the above addresses in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Lynn Cappiello

Sworn to before me this 1st day of May, 2008

_____
NOTARY PUBLIC

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010